UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GREGORY M. HELM,

    Defendant.

NO.  CR-09-111-RHW

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss (Ct. Rec. 111).  A hearing on the motion was heard on July 22, 2010, in Spokane, Washington. Defendant was present and represented by Jaime Hawk.  The Government was represented by Robert Ellis.

## MOTION TO DISMISS

Rule of Criminal Procedure 12(b)(2) provides, "[a] party may raise a pre-trial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2).  Here, Defendant's motion raises issues of law for the court and no good cause exists to defer its ruling until trial.  *See United States v. Phillips*, 367 F.3d 846, 854 (9th Cir. 2004).

## BACKGROUND FACTS

On August 4, 2009, the Government filed an Information charging Defendant with one count of Taking, Possessing, and Transporting an Endangered Species in violation of 16 U.S.C. §§ 1538(a)(1)(B) and (D) and 1540(b)(1), and one count of Forfeiture, pursuant to 16 U.S.C. § 1540(e)(4).

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1**

The pertinent parts of 16 U.S.C. § 1538(a) provide:

> (1) Except as provided in sections 1535(g)(2) and 1539 of this title, with respect to any endangered species of fish or wildlife listed pursuant to section 1533 of this title it is unlawful for any person subject to the jurisdiction of the United States to–
> (B) take any species within the United States or the territorial sea of the United States;
> (D) possess, sell, deliver, carry, transport, or ship, by any means whatsoever, any such species taken in violation of subparagraphs (B) and (C).

Pursuant to 16 U.S.C. § 1533(c)(1), the Secretary of the Interior shall publish in the Federal Register a list of all species determined to be endangered and a list of all species determined to be threatened. The Secretary must from time to time revise each list published to reflect recent determinations, designations, and revisions made in accordance with the Endangered Species Act. *Id.*

In 1997, the National Marine Fisheries Service (NMFS) completed a comprehensive status review of West Cost steelhead that resulted in the listing of the Upper Columbia River (UCR) steelhead as an endangered species. 74 FR 42604. In January, 2006, the NMFS reclassified the UCR steelhead from endangered to threatened based on an updated review. The reclassification was published in the Federal Register. *See* 71 FR 861. Shortly thereafter, in an unrelated matter, the NMFS published a final rule implementing its determination to list elkhorn and staghorn corals as threatened species. 74 FR 42605. This was published in May, 2006. The agency made a format change to ensure that all threatened species listed under section 223.102 were in table format to match the threatened fishes tables and in so doing, the UCR steelhead was inadvertently dropped from the threatened species table in § 223.101(c). *Id.* It was not until August 24, 2009 that the UCR steelhead was listed as a threatened species in the Federal Register. *Id.* As a result of this error, from May, 2006 to August 24, 2009, the UCR steelhead was not "listed" in the Federal Register or the Code of Federal Regulations as a threatened or endangered species.

This current criminal prosecution is somewhat complicated because the 2006

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2**

decision to downlist the UCR steelhead was challenged in the U.S. District Court for the Western District of Washington. On June 13, 2007, Judge Coughenour ruled that NMFS had erred in downlisting UCR steelhead. In an unpublished opinion, he specifically ruled that:

> [t]he downlisting of the Upper Columbia River steelhead ESU from endangered to threatened is set aside as contrary to the ESA. Until such time as NMFS reexamines its initial listing determination, taking into appropriate consideration the ESA's central purpose of promoting self-sustaining natural populations, the initial listing determination of the Upper Columbia River steelhead ESU as endangered will be in effect.

2007 WL 1795036 (W.D. Wash. 2007).

## ANALYSIS

The Government argues that Judge Coughenour's order, in effect, placed the UCR steelhead back on the list. However, it is undisputed that NMFS never published an updated list as a result of Judge Coughenour's order.

The Court finds that the UCR steelhead was not listed at the time that Defendant allegedly took, possessed, and transported the UCR steelhead. As such, the Government is unable to prove a material element of the crime. The statute specifically requires that the endangered species be listed pursuant to section 1533. The Court interprets this provision to mean that the actual designation be listed in the Federal Register or the Code of Federal Regulations, not merely that the NMFS has determined that the species is endangered.

It is a fundamental notion of due process that a person be put on notice regarding the criminality of his or her conduct. The failure of NMFS to properly list the UCR steelhead, in light of Judge Coughenour's order, prevents the Government from prosecuting Defendant for the taking of listed endangered species. The Government's attempt to rely on an unpublished opinion out of the Western District of Washington for conduct occurring in the Eastern District of Washington violates all notions of due process. It is true that violation of 16 U.S.C. § 1538 is a general intent crime. Nevertheless, the Endangered Species Act contemplates that prior to being criminally liable for the taking of an endangered or

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3**

threatened species, the species must be listed in the Federal Register. NMFS's failure to properly list the UCR steelhead prevents the Government from prosecuting this case.

The Court disagrees with the Government that Judge Coughenour's order had the effect of placing the UCR steelhead on the list of endangered species. Rather, the Order merely declares that the *determination* that the UCR steelhead was endangered be reinstated. It is true that Judge Coughenour could have ordered the NMFS to list the UCR steelhead in the Federal Register and, if the NMFS failed to adhere to that order, the district court would have the authority to remedy the failure to follow a court order. However, district courts, under basic separation of powers doctrine, do not have the authority to cause the UCR steelhead to be listed as contemplated by the statute.

Finally, it goes without saying that today the UCR steelhead is not an endangered species, and it was not an endangered species at the time that Defendant allegedly took, possessed, and transported the fish. The Ninth Circuit ultimately found that NMFS was correct in its determination that the UCR steelhead was no longer endangered. The reality is, then, that in fact the fish that was allegedly taken was not endangered. To permit the Government to proceed to prosecute Defendant on Judge Coughenour's erroneously designation places form over substance.

Here, the facts are undisputed. As a matter of law, the Court finds that the Government is unable to prove a material element of the offense, namely, that the UCR steelhead was listed as endangered at the time the alleged crime was committed. As such, dismissal of the information is warranted.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (Ct. Rec.111) is **GRANTED**.
2. The Information filed in the above-captioned case is **dismissed** with prejudice.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** ~ 4

1 | **IT IS SO ORDERED.** The District Court Executive is directed to enter the
2 | order, provide copies to counsel, and **close the file**.
3 | **DATED** this 28th day of July, 2010.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CRIMINAL\2009\Helm\grant.wpd

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 5**